# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANNA MAY BURGUM,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 16-01510-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Leanna May Burgum ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits. For the reasons stated below, the decision of the Commissioner is **AFFIRMED**.

## II. PROCEEDINGS BELOW

On December 14, 2013, Plaintiff applied for disability insurance benefits (DIB), alleging onset of disability on December 1, 2013. (Administrative Record ("AR") 159). Her application was denied on initial review, and upon reconsideration, after which Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id*. at 77, 86, 90.) On August 26, 2015, the ALJ held a hearing

at which Plaintiff, represented by counsel, testified. (*Id.* at 29-54.) An impartial vocational expert also testified. (*Id.* at 36-38, 49-53.) On October 8, 2015, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from the alleged onset date through the decision date. (*Id.* at 23.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id.* at 1.) Plaintiff filed this action on July 11, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2013, the alleged onset date ("AOD"). (AR 15.) At **step two**, the ALJ found that Plaintiff has the severe impairments of arthritis in bilateral hands, degenerative joint disease in bilateral knees status post joint replacement, chronic obstructive pulmonary disease, and obesity. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 17.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> Perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for four hours of an eight hour workday for 30 minutes at a time, then would need to rest at a workstation before standing and walking again; she has no limitations with sitting; pushing and/or pulling is unlimited other than

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

> for lifting and carrying; she can do frequent handling and fingering with her bilateral upper extremities; she should avoid concentrated exposure to respiratory irritants; she can frequently bend and/or stoop; she can occasionally climb ramps and/or stairs; she cannot climb ladders, ropes, or scaffolds; and, she can occasionally crouch and/or crawl.

(AR 17.)

At **step four**, based on Plaintiff's RFC and the VE's opinion, the ALJ found that Plaintiff is capable of performing past relevant work as an office manager, administrative assistant, and contract clerk. (AR 22-23.)

## III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882

("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) failed to properly consider the relevant medical evidence of record in assessing Plaintiff's RFC; and (2) failed to properly consider Plaintiff's subjective complaints and properly assess her credibility. (Joint Stipulation ("Joint Stip.") at 3.)

### A. The ALJ's RFC Assessment is Supported by Substantial Evidence

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to consider all relevant medical evidence of record, including medical evidence which contradicts and is inconsistent with the ALJ's RFC assessment. Joint Stip. at 4. Specifically, Plaintiff cites to treatment records from Dr. Ahluwalia, designated as Exhibit 15F in the administrative record (AR 364-402), which were scanned into the record prior to the administrative hearing, but are not discussed in the ALJ's decision. *Id*.

As described in the Joint Stipulation, Plaintiff submitted additional medical records to the Appeals Council which were not before the ALJ. The Appeals Council denied review of the ALJ's decision. The Commissioner does not dispute that the Court must consider Dr. Ahluwalia's treatment notes in Exhibit 15F in determining whether the ALJ's decision is supported by substantial evidence. *See* Joint Stip. at 8; *see also Brewes v. Comm'r of Social Sec. Admin*., 682 F.3d 1157, 1162-63 (9th Cir. 2012) (where Appeals Council considers new evidence in denying review of the ALJ's decision, the new evidence becomes part of the administrative record for purposes of the district court's analysis in determining whether the ALJ's decision is supported by substantial evidence). Accordingly,

this Court considers the record as a whole, including the treatment records in Exhibit 15F, in determining whether the ALJ's RFC assessment is supported by substantial evidence. The Court concludes that it is.

### 1. Applicable Legal Standards

In making an RFC determination, the ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, reasonably attributable to medically determinable impairments. *See Robbin*s, 466 F.3d at 883 (citing Soc. Sec. Ruling 96-8p (July 2, 1996), 1996 WL 374184, at *5). An ALJ's determination of a claimant's RFC must be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.2d 1211, 1217 (9th Cir. 2005).

### 2. Discussion

In assessing Plaintiff's RFC, the ALJ properly took into account limitations for which there was record support, specifically incorporating limitations based on treatment history of Plaintiff's knees and hands. With respect to Plaintiff's knees, the ALJ determined that Plaintiff can "stand and/or walk for four hours of an eight-hour workday for 30 minutes at a time, then would need to rest at the workstation before standing and walking again and occasional crouching and crawling." AR 19. These restrictions were based on medical records from a walk-in clinic that treated Plaintiff (Exhibit 4F). With respect to Plaintiff's hands, including her trigger finger, the ALJ similarly incorporated limitations based on treatment history, including physical therapy, by assessing that Plaintiff was "limited [to] light exertional work, frequent handling and fingering with her bilateral upper extremities, and precluded from climbing ladders, ropes, or scaffolds." *Id.* at 20. These limitations were also based on evidence in the record before the ALJ (Exhibits 1F, 2F, 4F, 5F, 8F, 9F). Taking into account all of the record evidence, the ALJ had substantial evidence to conclude that Plaintiff was capable of

performing light work as set forth in the RFC. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record[.]).[2]

Plaintiff contends that the additional evidence contained in Exhibit 15F does not support the ALJ's RFC assessment of light work and points to Dr. Ahluwalia's findings of osteoarthritis, Plaintiff's reports of pain and inflammation in her hands and knees, and x-rays of Plaintiff's knees which revealed "moderate degenerative medial joint space narrowing." (AR 371-72, 374-75, 382, 390). However, the Court's review of Dr. Ahluwalia's treatment records in Exhibit 15F finds that they are generally consistent with other record evidence and provide no additional information that undermines the legal sufficiency of the ALJ's RFC assessment. The treatment records in Exhibit 15F that pertain to the ALJ's RFC assessment reveal findings of mild osteoporosis (AR 367-70) and generalized osteoarthrosis (AR 382). While certain treatment records indicate moderate degenerative findings with respect to Plaintiff's knees (AR 374-75) and "Heberden's and Bouchard's nodes hands" (AR 382), this medical evidence does not significantly undermine or contradict the otherwise consistent findings of mild osteoporosis that are found throughout the medical record.[3]

---

[2] Notably, at the administrative hearing, Plaintiff's attorney characterized most of the evidence regarding Plaintiff's arthritis in her hands as "mild" and indicated that the medical records, including x-rays, were consistent in making mild or minimal findings from 2011 through 2014. AR 43-44 ("[m]ost [of the objective evidence] is documented as mild"). This characterization of mild findings is consistent with the Court's own review of the medical records regarding Plaintiff's hand impairments, as well as knee impairments.

[3] In challenging the ALJ's RFC assessment, Plaintiff also argues, in a conclusory manner, that the ALJ committed error in finding Plaintiff's right eye impairment, hepatitis C, neuropathy, GURD, and irritable bowel syndrome to be non-severe impairments. Joint Stip. at 6. The Court does not address these arguments because Plaintiff has failed to argue these issues with any specificity in the Joint Stipulation. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.

**B. The ALJ Did Not Err In Evaluating Plaintiff's Subjective Complaints**

**1. Applicable Legal Standards**

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id*. The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan*, 246 F.3d at 1208. "General findings are insufficient." *Lester*, 81 F.3d at 834.

**2. Discussion**

"After careful consideration of the evidence," the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (AR 19.) In reaching this determination, the ALJ relied on the following reasons: (1) lack of supporting objective evidence; and (2) Plaintiff's activities of daily living. (*Id*. at 18-19.)

First, the ALJ determined stated that "the medical record . . . casts doubt on the credibility of [Plaintiff's] allegations." (AR 18.) The ALJ observed that

2008) ("We do not address this finding [by the ALJ] because [claimant] failed to argue this issue with any specificity in his briefing.").

7

"[a]lthough [Plaintiff] alleged severe and disabling pain, the medical record is relatively sparse. [Plaintiff] has not sought the type of treatment one would expect of a disabled individual. Given the allegations of such severe and disabling impairments, one might expect to see a greater level of intervention and/or more aggressive treatment options. On the contrary, what few medical records are available indicate a rather mild and conservative course of treatment in the form of medication, minimal physical therapy, and minimal finger surgery. This suggests that [Plaintiff's] symptoms may not be as severe as she alleged." (*Id.*)

Next, the ALJ noted that Plaintiff "is able to perform her activities of daily living with minimal difficulty. She reported she cares for her personal needs, cares for her dogs, uses a computer for email and Facebook, prepares daily meals, dusts, vacuums, cleans the bathroom, goes grocery shopping weekly, and attends outdoor concerts in the summer." (AR 18.) "Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. [Plaintiff's] ability to participate in such activities undermines her credibility regarding allegations of disabling functional limitations." (*Id.*)

The Court's review of the evidence of record finds that the ALJ's observations regarding Plaintiff's credibility are supported by clear and convincing reasons. First, the ALJ's determination that Plaintiff's relatively sparse treatment records suggested that Plaintiff's symptoms were not as severe as alleged was a sufficient reason for discounting Plaintiff's credibility. S*ee Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (permissible for ALJ to consider "the unexplained absence of treatment" in determining credibility); *see also Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting plaintiff's complaint "that she experienced pain approaching the highest level imaginable" as

"inconsistent with the 'minimal, conservative treatment' that she received").

Second, the ALJ's characterization of Plaintiff's daily activities was supported by substantial evidence. *See Burch*, 400 F.3d at 681. Plaintiff's own function report, which stated that she could prepare meals with help, do housekeeping (dusting, vacuuming, cleaning bathroom), go grocery shopping, manage funds and pay bills, and use Facebook, conflicted with Plaintiff's hearing testimony. *Compare* AR 182-84 to AR 38-39, 46; *see Young v. Colvin*, 610 F. App'x 615, 615-16 (9th Cir. 2015) (affirming denial of benefits where ALJ's characterization of claimant's daily activities of attending to self-care, driving a car, grocery shopping, organizing her household, using a computer, and managing her finances was supported by substantial evidence). Plaintiff contends that "no reasonable person could conclude that her activities of daily living" are in any way "consistent with or supportive of the ability to perform her past relevant work…." Joint Stip. at 14. Although the evidence of Plaintiff's daily activities may be interpreted differently, and more favorably to Plaintiff, the ALJ's interpretation was rational, and must be upheld "where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680-81 (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (upholding ALJ's determination that claimant's daily activities suggested claimant was "quite functional" as rational, notwithstanding that evidence was susceptible to more than one rational interpretation).

Accordingly, the Court concludes that the ALJ's credibility finding is legally valid and supported by substantial evidence.

///
///
///
///
///

9

**V. CONCLUSION**

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 31, 2017

*Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**